UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **ASI, INC.** | **CASE NO. 3:24-MC-00077** |
| **VERSUS** | **MAG. JUDGE KAYLA D. MCCLUSKY** |
| **AQUAWOOD, LLC.** | |

**MEMORANDUM ORDER**

Pending before the undersigned are two motions: (1) a Motion to Enforce Document Subpoena [doc. #1] filed by Plaintiff ASI, Inc; and (2) Motion to Transfer the Motion to Enforce to the District of Minnesota; or alternatively, to set a briefing schedule to allow Defendants to participate in the Motion to Enforce; or, in a second alternative, in opposition to the Motion to Enforce [doc. #10] filed by Defendants Brian Dubinsky and Aquawood, LLC.

For the reasons set forth below, the Motion to Transfer the Subpoena Enforcement Action to the District of Minnesota under Federal Rule of Civil Procedure 45(f); or alternatively, to set a briefing schedule to allow Defendants to participate in the Motion to Enforce; or, in a second alternative, in opposition to the Motion to Enforce. [doc. #10] filed by Defendants Brian Dubinsky and Aquawood, LLC is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff ASI, Inc.'s Motion to Enforce Document Subpoena [doc. #1] is transferred to the District of Minnesota.

**Background**

On December 11, 2024, ASI, Inc. ("ASI") filed a Motion to Enforce Document Subpoena. [doc. #1]. On December 20, 2024, the undersigned granted the ex parte motion, ordering Respondent, JPMorgan Chase Bank, N.A., ("Chase"), to respond and produce all requested documents within thirty (30) days of that order. [doc. #3].

On December 30, 2024, Chase appeared and moved to vacate the ex parte order. [doc. #6]. The Court granted Chase's motion on January 3, 2025, and ordered Chase to respond to the Motion to Enforce Document Subpoena by January 16, 2025. [doc. #7].

On January 16, 2025, Chase filed its response. [doc. #8]. In its response, Chase states that it has no objection to complying with a lawful subpoena, but that it has an obligation to its customers under various laws and statutes. Nevertheless, Chase first makes clear that it does not have responsive documents with regard to a number of listed entities. Chase cannot produce what it does not have, so for these identified entities, Chase has met any present or future burden to search its data.

For some additional entities and persons, Chase has multiple customer profiles and cannot be assured of which profile is sought. Those entities and individuals are identified as: Echo Technologies, Epic Studios, VR Entertainment, Peter Magalhaes, and Richard Toth.

Finally, Chase has identified entities and persons having a single customer profile: Aquawood, LLC; MGS International LLC; Swift Harvest USA, LLC; Brian Dubinsky; Wei Kai Wu; Lokwood; and Toy Quest Ltd. Two of the seven entities identified have Chase profiles, but no associated accounts; those entities are Lokwood and Toy Quest Ltd.

For the remaining five entities or persons, Chase has identified several categories of documentation in the subpoena that it has no objection to producing. By agreement, Chase's

productions are subject to its right to reserve and preserve all objections to the subpoena and ASI's right to reserve and preserve its ability to return to court to enforce the subpoena. If no objection is filed by a particular affected customer, Chase itself has no objection to making a good faith initial production to ASI, satisfying several categories of the subpoena, and ASI and Chase have agreed to continue to discuss whether more responsive documents exist that can and should be produced, consistent with Chase's obligations to its customers.

In the meantime, Defendants Brian Dubinsky ("Dubinsky") and Aquawood, LLC ("Aquawood") (collectively, "Defendants") filed a Motion to Transfer [doc. #10] the Motion to Enforce to the District of Minnesota; or alternatively, to set a briefing schedule to allow Defendants to participate in the Motion to Enforce; or, in a second alternative, in opposition to the Motion to Enforce. First, Defendants object to the subpoena on the grounds that it was untimely and overly broad. [doc. #10-1, p. 9]. Defendants further contend that transfer to the District of Minnesota is warranted as the "exceptional circumstances" standard from Federal Rule of Civil Procedure 45(f) is met. *Id.* at p. 11. If, however, the Court does not find transfer appropriate, Defendants ask the Court to set a briefing schedule as to allow them to participate in this motion. *Id.* at p. 14.

The undersigned then issued a minute entry requiring responses to the Motion to Transfer be filed by January 30, 2025. [doc. #11]. Chase filed a response [doc. #12], stating that it does not oppose transfer and consents to the case being transferred to the District of Minnesota.

ASI also responded [doc. #13], stating that it was continuing to meet and confer with Chase, had resolved most disputes, and expected to resolve any remaining issues without court intervention. ASI further contends that Defendants lack standing to object on behalf of Chase and that the subpoena is neither overly broad nor untimely. *Id.* at pp. 5, 7. Additionally, ASI asserts that the case does not present exceptional circumstances warranting transfer. *Id.* at pp. 17-18.

3

On February 6, 2025, Defendants filed a reply in support of their Motion to Transfer. [doc. #19]. Defendants now contend that since Chase has consented to transfer, this action should be transferred. *Id.* at p. 1. Further, Defendants argue that exceptional circumstances do exist in this case that also support transfer. *Id.* at p. 4.

Accordingly, the matter is ripe.

## Law & Analysis

For the subpoena at issue, the district where compliance is required is the Monroe Division of the Western District of Louisiana. "When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." FED. R. CIV. P. 45(f). But, if the person subject to the subpoena does not consent to transfer, the Court may only transfer a Rule 45 motion to the issuing court if exceptional circumstances exist. *See Orix USA Corp. v. Armentrout*, No. 3:16-MC-63-N-BN, 2016 WL 3926507, at *2 (N.D. Tex. July 21, 2016); *CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 707 (N.D. Tex. 2017). As a general matter, "the proponent of transfer bears the burden of showing that such circumstances are present." FED. R. CIV. P. 45(f), advisory committee notes (2013 amendments). The primary concern, when a court considers transferring, "should be avoiding burdens on local nonparties subject to subpoenas . . ." *Id.*

Here, Chase—the local nonparty subject to the subpoena—has consented to transfer. Because the primary concern under Rule 45(f) is the burden on Chase, and Chase has expressly consented, transfer is appropriate. The Court need not evaluate exceptional circumstances, as

4

Chase's consent alone is sufficient to permit transfer.  *See* FED. R. CIV. P. 45(f) (where the subpoenaed party consents, no extraordinary circumstances need be shown).[1]

**Conclusion**

Accordingly,

**IT IS ORDERED** that Defendants Brian Dubinsky and Aquawood, Inc.'s Motion to Transfer [doc. #10] is **GRANTED**.  ASI, Inc.'s Motion to Enforce Document Subpoena [doc. #1], to the extent not mooted by Chase's productions, is transferred and remitted to the United States District Court of the District of Minnesota for disposition in connection with the underlying litigation, *ASI. Inc. v. Aquawood, LLC, et al.*, Civ. Action No. 0:19-cv-00763 (D. Minn.).  FED. R. CIV. P. 45(f).

**IT IS FURTHER ORDERED** that the alternative motion to set a briefing schedule [doc. #10] is **DENIED**.

**IT IS FURTHER ORDERED** that the second alternative motion to oppose Motion to Enforce Subpoena [doc. #10] is **TRANSFERRED** to the United States District Court of the District of Minnesota.

---

[1] The undersigned would further note that much of the documentation has or will be produced, mooting much of the motion except for that concerning the Defendants.

Upon transfer, the Clerk of Court is directed to close the miscellaneous case in this court.

In Chambers, at Monroe, Louisiana, on this 21st day of February, 2025.

_Kayla Dye McClusky_
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE
